RAFAEL RAMÍREZ ESCUDERO, Plaintiff and Appellant, *v.* AGUSTINA MONROIG, Defendant and Appellee.

No. 6138. Argued May 16, 1933.—Decided November 29, 1933.

*Luis Vergne Ortiz* for appellant. *F. Ramírez de Arellano* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

After the foreclosure of a mortgage on a house and lot, the mortgagor brought this action to recover $500 as the amount of his homestead exemption. He appeals from a judgment for $33.36, the difference between the amount of plaintiff's claim and the amount paid by the mortgagee after the foreclosure sale as taxes due and owing on the mortgaged property at and before the time of foreclosure.

By the terms of section one of the Homestead Law (Comp. Stat. 1911, sec. 1000) the homestead is exempt "from attachment, judgment, levy or execution, except for the taxes due thereon." Section 333 of the Political Code provides that: "Any person having a lien upon property may pay the taxes and surcharges thereon at any time after said taxes have become delinquent, and the same shall be added to his or her lien and be recovered with the rate of interest borne by the lien." It may be conceded that the facts in the instant case do not bring it within the scope of the provision just quoted nor within any of the provisions concerning subrogation contained in the Civil Code. Beyond this the brief for appellant does not go. Section 7 of the Civil Code says, however, that "When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration." The district court therefore was at liberty to proceed in accordance with the general principles of equity and, while the door may not be closed to further argument in future cases, we are not now prepared to say that plaintiff was not in good conscience bound to reimburse defendant in the sum of

$466.64 paid by her in order to free the property from the lien for taxes delinquent at the time of foreclosure.

The judgment appealed from must be affirmed.